815 F.2d 704
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fannie HOWARD, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-5251.
 United States Court of Appeals, Sixth Circuit.
 March 13, 1987.
 
 Before KRUPANSKY, NELSON and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 As is the case in most appeals to this court from the denial of Social Security Act disability benefits, we are the fifth adjudicatory forum to which the plaintiff has presented her claim for benefits. We pass upon the plaintiff's claim following presentations to and decisions by the administrative agency initially and upon resubmission, the administrative law judge (ALJ) following an evidentiary hearing, the Appeals Council of the defendant agency which declined to review the ALJ's determination, and finally the United States District Court which granted summary judgment for the defendant.
 
 
 2
 At every adjudicatory level, the plaintiff has attempted to prove her entitlement to a disabled widow's benefits under Title II of the Social Security Act. 42 U.S.C. Sec. 423(d)(2)(B) (1983). She has met with no success. At each factfinding level it has been determined that the claimant has failed to carry her burden of proving that she is a disabled widow within the meaning of the Social Security Act. Specifically, the ALJ has determined that the plaintiff has failed to prove that she suffers from physical impairments, or a combination of impairments that are the same, or essentially equivalent to any of the impairments listed in App. 1 to Subpart P of Sec. 404.11598 et seq., of Social Security Regulation No. 4. (App. 1 to C.F.R. Sec. 404.1598 et seq.)
 
 
 3
 The Appeals Council refused to review the ALJ's finding, and the district court determined that the decision of the ALJ denying benefits is supported by substantial evidence.
 
 
 4
 We are now asked to determine that the district court erred.
 
 
 5
 After careful consideration of the record made before the ALJ, his findings of fact and conclusions of law, the opinion and judgment of the district court, and the briefs submitted to this court, we are satisfied, for the reasons stated by the learned chief district judge in his opinion granting summary judgment for the defendant, that the ALJ's determination that the claimant is not entitled to widow's disability benefits is supported by substantial evidence on the whole record.
 
 
 6
 We affirm.
 
 
 7
 DAVID A. NELSON, Circuit Judge, dissenting.
 
 
 8
 As the district court correctly stated, "[a]n individual cannot qualify for widow's disability benefits unless specific clinical findings show that she suffers from an impairment listed in the Appendix to 20 C.F.R. Subpart P, or clinical findings show that she suffers from one or more unlisted impairments that singly or in combination are the medical equivalent of a listed impairment."
 
 
 9
 One of the impairments listed in the Appendix is "[d]iffuse pulmonary fibrosis ... substantiated by chest x-ray or tissue diagnosis ... [w]ith ... [a]rterial oxygen tension (pO2 ) at rest and simultaneously determined arterial carbon dioxide tension (pCO2 ) equal to, or less than, the values specified in Table III." Appendix 1, Sec. 3.04(C). The "values specified in Table III" include an arterial oxygen tension (pO2 ) equal to or less than 55, with a simultaneously determined arterial carbon dioxide tension (pCO2 ) of 40 or above.
 
 
 10
 The ALJ's decision correctly states that "[b]lood gas studies done while [claimant was] hospitalized revealed a PO2 of 44 and PCO2 of 57." The ALJ went on to state that "these findings do not meet the requirements contained in the Listing of Impairments in the Regulations."
 
 
 11
 The latter statement is simply incorrect. A PO2 of 44 is equal to or less than 55, and a PCO2 of 57 is 40 or above. The claimant's blood gas studies unquestionably meet the requirements of Table III.
 
 
 12
 Like the ALJ, the district court thought that claimant's "blood gas studies ... did not meet the requirements of the listing...." The record before us does not contain the briefs filed in the district court, but it is not unlikely that the district court was led into error by claimant's own counsel. In her brief on appeal, claimant's counsel says that the blood gas test scores "almost met the listing of Sec. 3.04(C) a PO2 of 40 or greater requires the PCO2 to be 55 or less)." Counsel has it backward; a PO2 of 55 or less requires the PCO2 to be 40 or above. Claimant's scores did not "almost" meet the listing of Sec. 3.04(C), they came squarely within the listing.
 
 
 13
 This is not the end of the inquiry, of course, because the blood gas studies are not controlling unless there is diffuse pulmonary fibrosis substantiated by chest x-ray or tissue diagnosis. Claimant's hospital charts contain a radiologist's report interpretating a chest x-ray as showing "a curvilinear density just superior to the right costophrenic angle that may be a chronic area of atelectasis of discoid type." I do not know whether this x-ray did or did not disclose diffuse pulmonary fibrosis, and I do not believe it is our function to make determinations such as that in the first instance. At no factfinding level, as far as I can determine, has anyone actually looked at the x-rays to see if they substantiate the existence of diffuse pulmonary fibrosis. If the x-rays do show such fibrosis, it seems to me indisputable that claimant is entitled to the benefits she seeks. I would therefore remand the case to let the Secretary make an informed decision on whether claimant does or does not meet the listing of Sec. 3.04(C).